Rockingham,
June, 1899.

### SMITH v. EPPING.

### TRICKEY v. SAME.

### NORRIS v. SAME.

In an action against a town upon a promissory note issued by the selectmen without lawful authority, the plaintiff cannot recover when it appears that the money borrowed did not go to the use or benefit of the defendants, and the transaction was not in any other manner ratified by them.

A town which has clothed its agents with power to borrow money is not thereby estopped to deny its liability for acts in excess of the authority thus conferred.

ASSUMPSIT, upon promissory notes. Facts found by the court. The notes are respectively for $450, $25, and $545, dated October 26, November 26, and December 5, 1892, payable with interest at the rate of four per cent per annum, and signed " Charles E. Folsom, Wm. H. Underhill, Selectmen of Epping, John Q. Pike, Town Treasurer." The signers held offices as designated, and their signatures are genuine. The notes were given for money paid by the plaintiffs to Folsom when the notes were delivered to them; but Folsom never paid the money to the town treasurer, and the town never had the use of it.

The only authority possessed by the selectmen to borrow money in behalf of the town was conferred by the following votes: At an adjournment of the annual town meeting of 1892, held April 23, under a proper article in the warrant, a plan for a new town house was adopted, the sum of $10,000 was appro-

priated for building it, and the selectmen were instructed to hire money for the purpose; also, it was voted " to raise the sum of $3,000 for the foundation and furnishing of the building."    Under an article in the warrant for the biennial meeting of November, 1892,— " To raise such sums of money as may be necessary for heating, lighting, and furnishing the new town building in said town,"— it was " voted that the selectmen be instructed to hire the sum of $3,000, at four per cent interest per annum, for the purpose of procuring apparatus for heating and lighting and furnishing the new town hall building, grading grounds, etc."

The selectmen borrowed, under this authority, between the adjourned annual meeting and October 26, the sum of $12,-312.50, and between the biennial meeting and November 26, the sum of $3,200, and between the latter date and December 5, the sum of $500, all of which sums were unpaid at the latter date. The plaintiffs' notes are not included in these sums.    The sum expended for the new town hall and its appurtenances, prior to October 26, did not exceed $10,000, and the sum expended after that date and prior to the annual meeting of 1893 (all paid in January, 1893), was about $2,000.

If upon the foregoing facts the plaintiffs' notes bind the defendants, each plaintiff is to have judgment for the amount due upon his or her respective note; otherwise, the defendants are to have judgment.

*Edwin G. Eastman* and *Aaron L. Mellows*, for the plaintiffs.

*John S. H. Frink, William H. Drury, John T. Bartlett*, and *Joseph F. Wiggin* (of Massachusetts), for the defendants.

BLODGETT, C. J.    It being found that the money borrowed of the plaintiffs did not go to the use or benefit of the defendants, and there being nothing which tends to show that the transaction was in any other manner ratified by them, there can be no recovery unless the plaintiffs prove that their notes were issued by the selectmen in the exercise of a lawful authority conferred by the defendants.    *Rich* v. *Errol*, 51 N. H. 350, 361; *West* v. *Errol*, 58 N. H. 233, 234.

This they have failed to do.    On the contrary, assuming, as it must be, that the vote of April 23, " to raise the sum of $3,000 for the foundation and furnishing of the building," was a vote to raise that sum by taxation, the conclusion is unavoidable that, when the plaintiffs' notes were given, the authority of the selectmen to borrow money under the special votes authorizing them to do so had ceased.    The specific acts which they were alone authorized to do had been fully accomplished; their special and limited authority had been exhausted; their agency had termi-

nated; and they then had no more power to borrow additional money on the defendants' credit than any other three citizens of the town. *Lowell etc. Bank* v. *Winchester*, 8 Allen 109, 114, 115. And not only was this so, but selectmen not having authority, *ex officio*, without a vote of the town, to borrow money on its credit, and the fact that the notes in suit were executed by an agent being apparent upon their face, the plaintiffs must be deemed to have had notice of the agency, and to have taken the notes at the risk of the authority of the agent to give them. *Great Falls Bank* v. *Farmington*, 41 N. H. 32, 44; *Rich* v. *Errol*, *supra*, 359; *Richards* v. *Columbia*, 55 N. H. 96, 99.

And such is the general doctrine. "The person dealing with the agent, knowing that he acts only by virtue of a delegated power, must at his peril see that the paper on which he relies comes within the power under which the agent acts." *The Floyd Acceptances*, 7 Wall. 666, 676, *per Miller, J.; Marsh* v. *Fulton County*, 10 Wall. 676; *Stone* v. *Bank*, 174 U. S. 412, 421. "It is a general and fundamental principle of law that all persons contracting with a municipal corporation must, *at their peril, inquire into the power* of the corporation or its officers to make the contract. . . . So, also, those *dealing with the agent of a municipal corporation* are likewise bound to ascertain the nature and extent of his authority. This is certainly so in all cases where this authority is special and of record, or conferred by statute. The fact in such a case that the agent made false representations in relation to his authority and what he had already done will not aid those who trusted to such representations to establish a liability on the part of his corporate principal." 1 Dill. Mun. Cor. (2d ed.), *s.* 447, and authorities cited.

If these views are correct (and of their correctness we entertain no doubt), they are decisive of the contention that, having clothed their agents with power to borrow money, the act of borrowing from the plaintiffs was a representation by the agents upon which the plaintiffs, acting in good faith, had the right to and did rely, and the defendants are consequently estopped to deny their liability. It may properly be added, however, that it has been expressly decided that a state is not estopped by the unauthorized acts of its officers (*Attorney-General* v. *Marr*, 55 Mich. 445; *State* v. *Brewer*, 64 Ala. 287; *Pulaski County* v. *State*, 42 Ark. 118), and if this be so, it logically follows that a town is not. *Wooster* v. *Plymouth*, 62 N. H. 193, 208, 209; *Doolittle* v. *Walpole*, 67 N. H. 554.

*Judgment for the defendants.*

CHASE, PEASLEE, and YOUNG, JJ., did not sit: the others concurred.